Filed 9/16/25  P. v. Williams CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B339270 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA258753) |
| v. | |
| DEXTER ERIC WILLIAMS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Terry A. Bork, Judge.  Reversed and remanded with directions.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant

Attorney General, Wyatt E. Bloomfield and Charles Chung, Deputy Attorneys General, for Plaintiff and Respondent.

––––––––––––––––––––––

**MEMORANDUM OPINION**[1]

In 2005, a jury found Dexter Eric Williams guilty of second degree murder (Pen. Code, § 187, subd. (a); count 1)[2] and shooting from a motor vehicle (former § 12034, subd. (c); count 2). As to both counts, the jury found true allegations that Williams personally and intentionally discharged a firearm, causing great bodily injury and death (§ 12022.53, subds. (b)–(d)). The trial court found true that Williams had suffered a prior strike, and that he suffered a prior serious felony conviction and a prior prison commitment within the meaning of sections 667, subdivision (a)(1) and 667.5, subdivision (b). The section 667, subdivision (a)(1) and 667.5, subdivision (b) enhancements were both based on a single prior conviction for a violation of section 192, subdivision (a), in 1993.

The trial court sentenced Williams to a total term of 60 years to life. On count 1, the court imposed a term of 15 years to life, doubled for the prior strike (30 years); plus 25 years to life for the section 12022.53, subdivision (d) firearm enhancement; plus five years for the section 667, subdivision (a)(1) prior serious felony enhancement. The court appeared to stay the section 667.5, subdivision (b) enhancement, as well as the

––––––––––––––––––––––

[1] We resolve this matter by memorandum opinion, consistent with California Standards of Judicial Administration, section 8.1. (*People v. Garcia* (2002) 97 Cal.App.4th 847, 850–855.)

[2] All further statutory references are to the Penal Code.

remaining firearm enhancements, pursuant to section 654.[3]  On count 2, the court sentenced Williams to 37 years to life, consisting of: the upper term of seven years for the former section 12034, subdivision (c) conviction, plus 25 years to life for the section 12022.53, subdivision (d) firearm enhancement, plus five years for the section 667, subdivision (a)(1) prior serious felony enhancement.[4]  The court stayed the entire sentence on count 2 pursuant to section 654, including the section 667.5, subdivision (b) enhancement.

Williams filed a direct appeal.  Among other issues, Williams argued the trial court erred in staying the section 667.5, subdivision (b) enhancements, instead of striking them.  The People conceded that the enhancements should have been

---

[3]  After imposing the five-year prior pursuant to section 667, subdivision (a)(1), the trial court continued: "As far as the one-year prior, that's already been considered for the strike and for the five-year prior.  I don't see any reason for the one extra year.  It was calculated into everything else.  So the total state prison sentence on count 1 is 60 years to life."  The prosecutor asked: "Does the court want to stay and strike the .53(c) and (d) allegations?"  The court answered: "Yes, pursuant to 654 of the Penal Code because the court sentenced on the heaviest.  They will be stayed as to the two other allegations on count 1."  The minute order from the hearing reported as to count 1: "Sentence enhancements on the allegations pursuant to section 12022.53(c), 12022.53(b) and 667.5(b) are stayed by the court pursuant to Penal Code section 654."  The abstract of judgment reflected that as to count 1, the section 667.5, subdivision (b) enhancement was stayed.

[4]  The trial court's minute order from the original sentencing hearing incorrectly indicated that on count 2, the court doubled the seven-year sentence to account for the prior strike.

stricken as to both counts. Although a panel of this court initially rejected Williams's argument (*People v. Williams* (Feb. 28, 2007, B185615) [nonpub. opn.]),[5] Williams filed a petition for review in the California Supreme Court. As to the section 667.5, subdivision (b) issue, the petition for review asserted the trial court had stricken the enhancement as to count 1, but had imposed and stayed the enhancement as to count 2. The court granted the petition and transferred the matter back to this court for reconsideration in light of *People v. Jones* (1993) 5 Cal.4th 1142, 1153. A panel of this court subsequently issued a modified opinion, agreeing with Williams that the section 667.5, subdivision (b) enhancement as to count 2 should have been stricken rather than stayed. (*People v. Williams* (July 27, 2007, B185615) [nonpub. opn.].) The court modified the judgment accordingly and ordered the trial court to prepare an amended abstract of judgment.

In December 2008, after receiving the remittitur, the trial court issued a minute order reflecting the modified judgment striking the section 667.5, subdivision (b) enhancement as to count 2 and ordering the preparation of an amended abstract of judgment. The amended abstract of judgment does not appear to reflect any details of the sentence on count 2.

In 2022, section 1172.75 became effective. Section 1172.75, subdivision (a) provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b)

---

[5]     In the appellate opinion, the court described the section 667.5, subdivision (b) argument: "Notwithstanding respondent's concession, we reject appellant's claim that the Penal Code section 667.5, subdivision (b), enhancement pertaining to count 2, must be stricken."

4

of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." The statute sets forth procedures for the identification of persons serving sentences that include now-invalid section 667.5, subdivision (b) enhancements, and for the recall of such sentences and resentencing.

The California Department of Corrections and Rehabilitation identified Williams as an inmate serving a prison term for a judgment that included a section 667.5, subdivision (b) prior prison term enhancement. In February 2024, Williams, represented by defense counsel, filed a formal petition for resentencing pursuant to section 1172.75. Williams asked that the court strike the section 667.5, subdivision (b) enhancements from his sentence. He further requested that the court conduct a full resentencing and dismiss the other enhancements and his prior strike pursuant to section 1385. The People opposed the petition, arguing Williams was not entitled to resentencing under section 1172.75 because the section 667.5, subdivision (b) enhancements were stayed.

In July 2024, the trial court denied the petition. The court concluded Williams was not eligible for resentencing because the one-year priors were stayed and not executed. Williams appealed. On appeal, the People again argued that Williams is not eligible for resentencing because the section 667.5, subdivision (b) enhancements were stayed.

However, while this appeal was pending, the California Supreme Court resolved the question of whether a section 1172.75 resentencing is required when a section 667.5, subdivision (b) enhancement was imposed and stayed, rather

5

than executed. In *People v. Rhodius* (2025) 17 Cal.5th 1050, the court held that section 1172.75 entitles a defendant to resentencing if the judgment includes a qualifying section 667.5, subdivision (b) enhancement, regardless of whether the enhancement was executed or stayed.

Although *Rhodius* resolved the contested issue in this appeal, we noted that neither Williams nor the People appeared to be aware that as to count 2, this court had previously ordered the section 667.5, subdivision (b) enhancement stricken, and the judgment modified accordingly. On our own motion, we ordered the record augmented to include the trial court's December 2008 minute order reflecting that modification.[6] We invited the parties to submit supplemental briefs updating their arguments in light of this procedural history.

It appears there was a lack of clarity in the prior appellate proceedings as to whether the section 667.5, subdivision (b) enhancement was originally stayed as to both counts. However, the modified opinion from the direct appeal expressly struck only the section 667.5, subdivision (b) enhancement as to count 2. And, while the modified abstract of judgment included in the record on appeal does not report *any* sentence as to count 2, it reflects that the section 667.5, subdivision (b) enhancement as to count 1 remained stayed, not stricken, on remand. We can only conclude that Williams is still serving a sentence that includes a section 667.5, subdivision (b) enhancement and, therefore, he is entitled to a full resentencing under section 1172.75.

---

[6] We additionally take judicial notice of the record from the prior appellate proceedings.

## DISPOSITION

The order is reversed and the matter is remanded to the trial court for resentencing in accordance with section 1172.75.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EGERTON, Acting P. J.

HANASONO, J.

7